UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Phillip Eugene Demry,

Plaintiff,

v.

Ahmed Ali, Mrs. Ali, and
Safari Properties LLC,

Defendants.

File No. 26-cv-3789 (ECT/DJF)

**OPINION AND ORDER**

---

Plaintiff Phillip Eugene Demry has filed an application to proceed in *forma pauperis* ("IFP"). ECF No. 2. The IFP application must be considered before any other action may be taken in this matter.

I have reviewed the IFP application and conclude that Demry qualifies financially for IFP status. That said, an IFP application will be denied, and an action will be dismissed, when an IFP applicant has filed a complaint that fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996). On review, all fact allegations must be accepted as true and all reasonable inferences are drawn in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.,* 511 F.3d 818, 820 (8th Cir. 2008). The fact allegations need not be detailed, but they must state a plausible claim without being speculative. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Legal conclusions that are couched as factual may be disregarded. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Pro se complaints are to be construed liberally, but they

still must allege sufficient facts to support the claims. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Demry's complaint alleges, in total, "The defendant violated my civil rights under the American Disability Act, by denying me access to reasonable accommodations in regards to, by evicting me without due process and physically assaulting me." Compl. [ECF No. 1] at 5. Six days after he filed his complaint, Demry submitted an untitled document consisting of one paragraph, alleging that from January through February 2026, the defendants inflicted emotional distress, physically assaulted him, illegally locked him out, and damaged and destroyed "all" of his personal property. ECF No. 4 at 1. I will consider these documents together as comprising the operative pleading in this matter.

Federal courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States" and cases involving parties of diverse citizenship where the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a). Demry maintains the Court has jurisdiction over this action because the matter presents a federal question and seeks relief under the Americans with Disability Act of 1990 (ADA), 42 U.S.C. § 12101 et seq. *See* ECF No. 1 at 4. However, without at least some underlying details as to the nature of the events that led to the eviction, the complaint lacks sufficient facts to support a claim and is conclusory. *See Iqbal*, 556 U.S. at 679. Title III of the ADA permits suits against private entities discriminating against individuals "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C.

§ 12182(a). Such a claim would require "that a plaintiff establish that (1) he or she is disabled within the meaning of the ADA; (2) that the defendants own, lease, or operate a place of public accommodation; and (3) that the defendants discriminated against the plaintiff within the meaning of the ADA." *Hillesheim v. Myron's Cards & Gifts, Inc.*, 897 F.3d 953, 956 (8th Cir. 2018) (quoting *Roberts v. Royal Atl. Corp.*, 542 F.3d 363, 368 (2d Cir. 2008)). Demry makes a general reference that he is a "certified disabilatent [sic] with physical and mental capacities," but he does not specify his disabilities except to say he has post-traumatic stress distress disorder. *See* ECF No. 1 at 5; ECF No. 4 at 1. Further, he pleads no facts whatsoever to support his conclusion that the defendants are subject to suit under the ADA, or that his eviction or the other conditions were due to his disabilities.

Along with this undeveloped ADA claim, Demry appears to be seeking restitution and damages for alleged assaults, property damage, and unlawful eviction or mistreatment of a vulnerable adult. Such claims, however, would arise under state law, not federal law. The Court would have original jurisdiction over those claims only if the amount in controversy exceeds $75,000 and there exists complete diversity among the parties. *See* 28 U.S.C. § 1332(a). "Complete diversity of citizenship exists [when] no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978)). Demry is a citizen of the State of Minnesota and alleges that the Defendants also are citizens of Minnesota. Because the parties are not of diverse citizenship, § 1332(a) does not supply original jurisdiction over the state-law claims.

Finally, I will not exercise supplemental jurisdiction over any remaining state-law causes of action because Demry does not have a valid federal claim. *See* 28 U.S.C. § 1367(a); *Hervey v. County of Koochiching,* 527 F.3d 711, 726–27 (8th Cir. 2008) (citing *Ivy v. Kimbrough*, 115 F.3d 550, 552–53 (8th Cir. 1997) ("In most cases, when federal and state claims are joined and the federal claims are dismissed on a motion for summary judgment, the pendent state claims are dismissed without prejudice to avoid needless decisions of state law . . . as a matter of comity and to promote justice between the parties.")).

**ORDER**

Therefore, based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED THAT**:

1. This action is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. The application to proceed *in forma pauperis* of Plaintiff Phillip Eugene Demry [ECF No. 2] is **DENIED.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: September 8, 2026

s/ Eric C. Tostrud
Eric C. Tostrud
Chief Judge, United States District Court